97   253
69a  434

## St. Louis, Vandalia and Terre Haute Railroad Co.

### *v.*

### Joseph B. Washburn.

*Filed at Springfield September 28, 1878—Rehearing denied January Term, 1879.*

1. Negligence in railroads—*failure to erect and maintain fences—agreement of adjacent owner to perform that duty.* Where the owner of land adjoining the right of way of a railway company, under an agreement with the company, erected a fence along the line between his land and the right of way, and took upon himself to maintain it, it was *held*, that as between such owner, and those holding under him with knowledge of his duty, on the one part, and the railway company on the other, the duty of maintaining and repairing the fence did not rest on the company.

* The papers in this case having been mislaid, it was omitted from its proper place in the Reports.

2. A tenant of such owner, while in the occupancy of the premises, and with full knowledge of the undertaking of his landlord in respect to keeping the fence mentioned in repair, and with knowledge of the condition of the fence, placed his live stock in the inclosure which was separated from the right of way by this fence. The stock in some manner got upon the railway track through the fence, and were killed by a passing train. In an action by the tenant against the company to recover for the stock killed, it was *held*, that he could not allege any want of sufficiency in the fence as a ground of recovery.

Appeal from the Circuit Court of Clark county; the Hon. Oliver L. Davis, Judge, presiding.

Messrs. Dulaney & Golden, and Messrs. Wilkin & Wilkin, for the appellant:

It is undisputed that the appellant had a contract with appellee's lessor, Miller, to erect and maintain the fence in question for the period of ten years, and that such contract was in full force and operation at the time of the alleged injury and loss. Appellee admits knowledge of such undertaking by Miller, by saying that he repaired the fence himself.

We insist that, under the law, such contract absolved appellant from liability for injury to stock of Miller, or his tenants, caused by the insufficiency of a fence which it was their duty to maintain.

Such a contract has been held a sufficient defence against tenants in other States. *I., P. and C. R. R. Co.* v. *Petty*, 25 Ind. 414; *C., H. and D. R. R. Co.* v. *Waterson*, 4 Ohio St. 434; *Tombs* v. *Rochester, etc. R. R. Co.* 18 Barb. 583.

To hold that a tenant is entitled to recover under this statute, notwithstanding the contract of his landlord and his own knowledge of his landlord's undertaking, would go far to invalidate the time honored maxim, "a person can not take advantage of his own wrong."

Messrs. Whitehead & Jones, for the appellee, contended, that while the statute in force at the time of the erection of

the fence in question, permitted the company to stipulate with the owner of the land, so as to avoid liability for killing the stock of the land proprietor or his lessees, yet such an agreement had no application under the statute in force at the time the injury was done.

Mr. Justice Dickey delivered the opinion of the Court:

The judgment in this case must be reversed. Appellee was the tenant of Miller, and as such was in possession of a farm adjoining the railroad of appellant. Miller, in 1873, contracted with the railroad company to construct a good and sufficient fence along the line between his land and the strip of land on which the track lay, and to maintain the same for ten years. He built a fence, apparently good and sufficient. In the latter part of 1874, Miller let his farm to appellee. In the spring of 1875, appellee (as was his duty as a tenant, having knowledge of his landlord's undertaking,) repaired this fence. In August, 1875, appellee, with full knowledge of the condition of the fence, turned his horses and mules into a pasture adjoining the railroad land, and separated from it by this fence. One horse was breachy. During the night this breachy horse and two mules escaped from the pasture into the inclosure of the railroad track, through a breach in the fence not shown to have been there before, and by a passing train the mules were killed and the horse injured.

This is an action brought by appellee under the statute, in which he recovered double the amount of his actual damages, upon the ground that the railroad company had failed to construct and maintain a good and sufficient fence. In this action the railroad company is charged with no other fault.

This statute is highly penal. No recovery can be had under it without clear proof of clear omission of duty. The fence was apparently good. There is no proof in the case tending to show that it was not amply sufficient to protect the track from the incursion of horses which were not more prone

to break fences than usual. It is shown that the lower rails were not strong, were tender,—decayed with what the witnesses called " dry rot,"—but the upper rails were strong, and it was higher than ordinary fences. Instead of the proof showing, clearly, that these animals escaped by reason of a defective fence, the weight of the proof tends to show that they escaped by reason of the fault of the breachy horse. Be this as it may, the landlord having built the fence and taken upon himself to maintain it, as between him and those holding under him with knowledge of his duty, on the one part, and the railroad company on the other, the duty of maintaining and repairing the fence did not rest on the railroad company. Neither Miller nor his tenant can complain that the fence was not such as it should have been.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*