THEODORE SELB *et al.*

*v.*

ANNE MONTAGUE.

*Filed at Mt. Vernon March 29, 1882.*

1. DOWER—HOMESTEAD—*where there are incumbrances—rights of the widow, as to a stranger purchasing from the husband.* If mortgaged property is bought by a stranger, from the mortgagor, under such circumstances as to show that he only paid for the excess of its value over the mortgage debt, which he is to pay as a part of the purchase price, the widow of the mortgagor will be let in to claim dower at law if such purchaser obtains a discharge of the mortgage.

2. SAME—*in case of mortgage before marriage.* Where the husband has mortgaged his land before marriage, his wife, on marriage, takes an inchoate right to dower only in the excess of the value of the land over the amount of the mortgage, and if the husband pays the mortgage debt, he acquires the title that was in the mortgagee, and his wife's dower attaches to it the same as to any other interest in land acquired by him during coverture.

3. SAME—*where the heir discharges the incumbrance.* If the mortgage is paid by the heir after the death of the ancestor, this is equivalent to a purchase *by the heir* of that interest in the estate which was in the mortgagee. The widow will have no dower in such new estate, except she makes just contribution towards the cost of removing the incumbrance, or pays her ratable share of the redemption money.

`4. SAME—*as to purchaser at administrator's sale.* A purchaser of mortgaged land at an administrator's sale takes the right of the heir, neither more nor less—the equity of redemption—and if he redeems from the mortgage he holds as the heir would have held had he paid off the mortgage, and the widow can have dower only by paying her ratable share of the money neces-

sary to discharge the mortgage. The same rule applies in regard to her claim of an estate of homestead.

5. So it is *held*, where a husband had, before marriage, mortgaged his lands, releasing the homestead, and after marriage he gave another mortgage on the same land, in which the dower and homestead were duly relinquished by him and his wife, and the lands were sold at administrator's sale to one who subsequently discharged the incumbrances, it was error to grant the widow, unconditionally, dower and an estate of homestead in the property, without subjecting each of her said rights to the condition she should, as to each right, contribute a ratable share of the redemption money.

6. ADMINISTRATOR'S SALE—*administrator has no power to make terms of sale.* An administrator, on the sale of real estate to pay debts of his intestate, has no lawful authority to make the sale on the terms that the purchaser is to discharge a mortgage thereon, and also the widow's dower and right of homestead; and if in fact he makes such terms, his act is inoperative and void. He can sell the interest of the heirs, and no more and no less.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding.

This was a petition for dower, filed by appellee, as widow of Daniel Montague, deceased, claiming dower and homestead in certain real estate in Madison county.

The facts are, that Daniel Montague died intestate on the 17th day of November, 1877, leaving appellee, his widow, owning the equity of redemption in about 260 acres of land in said county. Appellee was married to deceased on the 31st day of August, 1875. On June 17, 1872, Daniel Montague gave a mortgage, covering a portion of the land in controversy, to Celia Morrison, to secure the sum of $500, and on the 3d day of November, 1873, he gave a second mortgage to John Wood, covering a portion of said land, to secure an indebtedness of $852, and interest. These mortgages were executed in due form, and in each the said Montague released his homestead rights. On October 20, 1876, Montague executed a third mortgage, his wife, the appellee, joining therein, covering another part of said land, to secure the principal sum of $1000, in which mortgage the appellee released her dower and homestead rights in said land. The

first two mortgages were foreclosed at the March term, 1880, of the Madison county circuit court, upon a bill and cross-bill, and the premises were sold under the decree of said court on the 3d day of July, 1880, to J. H. Spence and John Sœchtig, for the sum of $1638. On the 7th day of August, 1880, all of the premises in controversy were sold by the administrator of the estate of Daniel Montague, by virtue of an order of the probate court, to appellants, for the sum of $3500, subject to all claims against it. After the sale to the appellants, the certificate of purchase held by Spence and Sœchtig, and the note secured by the last mentioned mortgage, were transferred to appellants by the legal holders thereof, by a formal assignment on the backs of said instruments. The only controversy about the facts is, that it will be claimed by appellee that when the administrator sold the land at public sale he announced that the purchasers were to pay all the incumbrances, and that by virtue of that announcement they are legally bound to do so.

The question presented is, shall appellants be compelled to pay all of the above incumbrances, or must appellee contribute her proportionate share towards their payment before she can have dower in said premises.

Messrs. Krome & Hadley, for the plaintiffs in error:

On the husband's death, his widow takes her dower or interest in the estate, if at all, charged with any mortgage thereon given by him before marriage, or by both during the marriage, in which her dower is released; and if any one interested in the estate, as heir or purchaser, discharges or redeems the mortgage, he thereby acquires an equitable lien upon the estate, which he may hold against the widow till she contributes her portion of the charge, according to the value of her interest. 1 Washburn on Real Property, (2d ed.) 186; 4 Kent's Commentaries, 48; *Eaton* v. *Simonds*, 14 Pick. 98; *Swaine* v. *Perrine*, 5 Johns. Ch. 482; *Gibson* v. *Crehore*,

5 Pick. 146; *Richardson* v. *Skolfield*, 45 Maine, 369; *Denton* v. *Nanny*, 8 Barb. 318; *Rossiter* v. *Cassit*, 15 N. H. 38; *Bank of Commerce* v. *Owens*, 31 Md. 320; *Johnson* v. *Watson*, 87 Ill. 535; *Stribling* v. *Ross*, 16 id. 122.

An express agreement by a purchaser of land at an administrator's sale, to pay off a mortgage, will not let the widow in to have dower without contribution. *Gibson* v. *Crehore*, 3 Pick. 475; 5 id. 146; *Von Vronker* v. *Eastman*, 7 Metc. 157; *Bell* v. *Mayor of New York*, 10 Paige, 70; *Wood* v. *Wallace*, 10 Fost. (N. H.) 384.

The administrator has no authority to make any terms for the sale of his intestate's lands, whereby to reduce the assets of the estate. This would be unjust to creditors of an insolvent estate.

Messrs. METCALF & BRADSHAW, for the defendant in error:

Where the mortgagor discharges a mortgage given by him on his land, he can not call on any one for contribution, he having only paid his own debt. So, if the mortgaged estate is bought by a stranger under such circumstances as to show that he only paid for the excess of its value or price over the mortgage, the widow of the mortgagor will be let in for dower when the purchaser procures a discharge of the mortgage. 1 Washburn on Real Property, (1st ed.) 184.

In this case the purchaser at the administrator's sale bought subject to the mortgage and the homestead and dower of the widow, paying only the excess of the value of the land above the incumbrances, and the case falls within the rule laid down above. *Weiner* v. *Heintz et al.* 17 Ill. 259.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

In Washburn on Real Estate it is correctly said, (vol. 1, p. 184,) that "as the mortgagor,   *   *   *   if he discharge the mortgage, is not allowed to call upon another for contribution, having only paid his own debt, so, if the

29—102 ILL.

mortgaged estate is bought by a stranger, under such circumstances as to show that he only paid for the excess of its value over the mortgage, or so that one part of the estate satisfies the whole, the widow of the mortgagor will be let in to claim dower at law if such purchaser shall obtain discharge of the mortgage." This rule, however, applies only where "the mortgaged estate is bought by a stranger," by a purchase *from the husband.* In such case, the husband having by his contract of sale, made during coverture, provided for the discharge of the mortgage, the case in this regard stands as though he had himself paid off the mortgage during coverture. In case the husband, before marriage, had mortgaged his land, the wife, upon marriage, takes an inchoate right to dower only in the excess of the value of the land over the amount of the mortgage. If the husband in his life pays the mortgage, he acquires title to that interest in the land which at the time of marriage was in the mortgagee, and the wife's right to dower attaches to the same as to an interest in land bought by the husband during coverture. But if the mortgage be paid by the heir after the death of the husband, this is equivalent to a purchase *by the heir* of that interest in the estate which is in the mortgagee, and as the widow takes no dower in estates bought by the heir, she acquires no right of dower in the new estate so bought by the heir. The right of the heir, however, having been acquired by removing an incumbrance upon an estate in which the heir and the widow each had an interest subordinate to the incumbrance, the widow, in such case, has the right, by a just contribution, to avail herself of the benefit of the purchase by the heir of the adverse title of the mortgagee. And so the same author says, (vol. 1, p. 187,) that "if the mortgagee is in possession of the mortgaged premises for condition broken, or the purchaser of the equity of redemption who has redeemed the mortgage, the widow's remedy for the recovery of her dower is by bill in equity

only, as she can not maintain a writ of dower until she has contributed her share of the redemption money." And so Kent says, (vol. 4, p. 48,) that "though the wife be dowable only of an equity of redemption when the mortgage was given prior to her marriage, or when she joined her husband in the mortgage, she is, after her husband's death, if she claims her dower, bound to contribute ratably towards the redemption of the mortgage."

A sale by the administrator, under our statute, of the real estate, is equivalent to a sale by the heir and an appropriation of the purchase money to the payment of the debts of the testator, the administrator being made, by statute, in substance the attorney in fact of the heir to make such sale. His power, where the land is mortgaged, is merely to sell the equity of redemption, for that is all that vests in the heir. The purchaser takes the right of the heir, no more, no less—that is, the fee, subject to the mortgage. If the purchaser redeems from the mortgage, he holds as the heir would have held had he paid off the mortgage. The widow can have dower only by paying her ratable share of the money necessary to discharge the mortgage. The debt paid in discharging the mortgage, is not the debt of the heir. In paying that debt he is not "paying his own debt," as would be the case were the debt paid by the mortgagor in person. The case of *Bank of Commerce* v. *Owens,* 31 Md. 320, is directly in point on this question.

It is claimed that the administrator's sale was made on terms that the purchasers undertook to discharge not only the mortgages, but also the dower and homestead rights of the widow. The proofs are not satisfactory in support of the allegation. This, however, is not deemed material, for the administrator had no lawful authority to make any such terms. His agency arose from the statute. The bounds of his powers were therefore known to all. He could sell just what the law authorized him to sell,—that was, the rights

of the heir,—no more, no less. Had he in fact made such terms, his acts would have been inoperative. He had no power to divert from the use of the creditors a part of the value of the interest of the heir, and apply it to the use of the widow.

The reasoning applicable to the dower interest of the widow, is equally applicable to her claim of an estate of homestead. In the mortgages made by the husband before his marriage with appellee, he released his homestead right. In the mortgage made during coverture, her right of dower and his homestead right were duly relinquished by both husband and wife, as provided by statute. At the death of the mortgagor the rights of the mortgagees were all superior to the homestead right and the dower right. After the death of the husband the widow held both her right of dower and her estate of homestead, subject to the mortgagees, and they are still subject to the same rights in the hands of the purchasers at the administrator's sale, who have paid the mortgage debts.

The decree of the circuit court granting to the widow, unconditionally, dower and an estate of homestead, was therefore erroneous in not subjecting her rights each to the condition that she should, as to each right, contribute a ratable share, in regard to such right, of the redemption money paid by appellants for the discharge of the mortgages, before she should be permitted to avail herself of that right.

The decree is therefore reversed, and the cause remanded for other proceedings not incompatible to the views here expressed.

*Decree reversed.*