Rachel Cox *et al.*

*v.*

Henry L. Garst.

*Filed at Mt. Vernon January 31, 1883.*

1. Remedy—*error or mistake in decree—how corrected.* The proper mode for the correction of error in a decree, such as a mistake in the description of land ordered to be sold, is by appeal or writ of error, or upon motion or bill of review in the same court which pronounced it. The circuit court has no power, on original bill, to correct any error in a decree of the county court for the sale of lands of a deceased person for the payment of debts.

2. Redemption—*widow of mortgagor must contribute.* Where a wife joins with her husband in a mortgage of his land, releasing her dower, after the death of the husband only an equity of redemption descends to the heirs, in which the widow is entitled to dower as against the heirs or purchaser at administrator's sale, upon contributing her ratable share of the redemption money. She will not be required to pay the whole mortgage debt to protect her dower. As between the widow and heirs, or one succeeding to the rights of the heirs, each will be required to contribute a ratable proportion, according to the value of their respective interests.

3. Dower—*rights of widow on redemption by heir from mortgage.* If the heir, or purchaser of the equity of redemption, discharges a mortgage given by the ancestor, in which dower is released, such heir or purchaser will have an equitable lien upon the estate, which he may hold against the widow until she contributes her proportion of the charge, according to the value of her interest.

4. Same—*purchaser at administrator's sale—subject to prior mortgage.* A purchaser of land at an administrator's sale, subject to a mortgage given

by the intestate and his wife, by which the wife released her dower, after payment of the mortgage is not chargeable for rents and profits as mortgagee in possession, in a contest between him and the widow claiming dower in the equity of redemption. As respects the right of dower, he would be chargeable with nothing until demand made for the assignment of dower, and refusal.

5. SUBROGATION—*purchaser of equity of redemption, to right of mortgagee, on payment of mortgage debt.* A purchaser of the equity of redemption at administrator's sale of lands to pay the debts of the deceased mortgagor takes only the interest which the latter held, and occupies the same position as the heirs; and if such purchaser discharges the mortgage by payment, he will not, as against the widow of the mortgagor, be entitled to be subrogated to the rights and equities of the mortgagee, and to foreclose the mortgage against the widow and heirs so as to cut off her dower unless she redeems from the mortgage.

6. ESTOPPEL—*widow not estopped by statements of administrator at sale of lands.* A widow will not be estopped from asserting her claim to dower in lands sold by the administrator of the estate of her husband, by any statements or assurances made by the administrator at the sale that such sale was free from her claim of dower, when she was not present when they were made, and no authority from her to make them is shown.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. WILLIAM C. JONES, Judge, presiding.

Caleb Franklin, and Rachel, his wife, on December 1, 1874, executed a mortgage or deed of trust, with due relinquishment of homestead and dower, of one hundred and forty acres of land, then owned by said Caleb, to secure the payment of a promissory note for $900, payable in five years, with ten per cent interest. On February 13, 1876, said Caleb died intestate, owning the premises, subject to the mortgage, and leaving him surviving said Rachel, (now Rachel Cox,) his widow, and several children, his heirs. On March 5, 1877, the lands were sold, subject to the mortgage, at an administrator's sale, for the payment of debts of the deceased, under an order of the county court of Clay county, which had been obtained for the purpose, and Henry L. Garst became the purchaser, for $600. Mrs. Cox, with her family, was then living upon the premises, and a few days afterward they

moved out, and Garst went into, and has ever since been in, possession. Subsequently, Garst paid off the mortgage debt, and the mortgagee executed a release of the mortgage.

In the above named order of the county court for the payment of debts, one twenty-acre tract of the land was, by mistake, misdescribed, as being in range 8, when it should have been described as being in range 7, and it being described in the inventory of the estate, and in the petition for the sale, as in range 7. This mistake was not discovered until just before August 31, 1881, on which day Garst filed his bill in equity in the Clay county circuit court, for the correction of said mistake, and for the foreclosure of the aforenamed mortgage, claiming that he was entitled to treat the mortgage as still subsisting, and to be subrogated to all the original rights of the mortgagee. The widow of Franklin, Mrs. Cox, filed her cross-bill, claiming dower and homestead in the premises. On final hearing, the circuit court found the mistake as alleged, but denied a decree for its correction, on the ground of the want of jurisdiction to make such decree, and made a decree of foreclosure, ordering a sale of the land in default of payment to complainant, within a time limited, of the sum of $1500, the amount of the mortgage debt which complainant had discharged, and dismissed the cross-bill for dower and homestead. Defendants bring this writ of error.

Messrs. Hagle & Finch, for the plaintiffs in error:

The widow is not estopped to claim dower in the land, as she said nothing to the purchaser. He acted and relied alone on the statements of the administrator, not made in her presence. Her moving off the premises did not mislead him, and cause him to purchase. There is wanting every element of estoppel. *People* v. *Brown,* 77 Ill. 435; *Flower* v. *Elwood,* 66 id. 438; *Noble* v. *Chrisman,* 88 id. 186.

The purchaser of land at a judicial sale, when he buys subject to a mortgage, will not be entitled to be subrogated

to the rights of the mortgagee on payment of the mortgage debt. *Bishop et al.* v. *O'Conner et al.* 69 Ill. 431.

It is the duty of the heir to pay off liens, which are paramount to dower, and when such liens are paid off by the heir out of the proceeds of his property, dower revives to the widow. 1 Scribner on Dower, 525; *Rossetter* v. *Cossit,* 15 N. H. 38; 1 Washburn on Real Prop. 190; *Hitchcock* v. *Harrington,* 6 Johns. 292; *Wedge* v. *Moore,* 6 Cush. 8.

Garst has been in possession since his purchase, and if he is to be treated as the equitable assignee of the mortgage he paid, having the right to foreclose, then he is the mortgagee in possession after condition broken, and the rents and profits for the five years he has had possession should have been applied as a credit on the mortgage debt. *Harper* v. *Ely,* 70 Ill. 581; *Mosier* v. *Norton,* 83 id. 519; *Clark* v. *Finlan,* 90 id. 245.

Mr. F. G. COCKRELL, for the defendant in error:

The mistake in the description of part of the land in the decree not having been discovered until six years, the remedy to correct the mistake by motion or writ of error is lost. The mistake was merely a clerical error. *Schnell et al.* v. *City of Chicago,* 38 Ill. 382; *Ward* v. *Brewer,* 19 id. 291.

Dower having been released in the mortgage, the mortgagee was the legal owner of the land, and upon condition broken could maintain ejectment. *Carroll* v. *Ballance,* 26 Ill. 9.

The purchaser paid off the mortgage, and having the fee to the land, we think the mortgage merged, and under the covenants of warranty in the mortgage the widow is estopped from asserting dower in the land. *Hoppin* v. *Hoppin,* 99 Ill. 265; *Jones* v. *King,* 25 id. 338.

A widow may estop herself from claiming dower in her deceased husband's estate, by acts. *Collins* v. *Wood,* 63 Ill. 285; *Skinner* v. *Newberry,* 51 id. 203; 1 Washburn on Real Prop. 205; *Heffner* v. *Vandolah,* 57 Ill. 520.

The fact that a release was taken of the mortgage instead of an assignment, cuts no figure. *Young* v. *Morgan,* 89 Ill. 199.

The cases cited to show that no subrogation lies, have no application.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

There was a palpable clerical error in the decree of the county court of the sale of the lands, in describing the twenty-acre tract as being in range 8, instead of range 7; but we think the circuit court did right in declining to correct the decree in that respect. The appropriate mode for the correction of error in a decree, is by appeal or writ of error, or upon motion or bill of review in the same court which pronounced the decree. We are referred to no authority to justify the correction of the alleged error in the decree of the county court, which is here asked, and where there is but mere error, as in this case, we are aware of no precedent for the exercise of the power, upon original bill, by one court to correct errors in the judgment of another court,—and we take the rule to be the same whatever the character of the error, whether clerical or otherwise.

In the argument the claim of homestead is not insisted upon, it being conceded that the homestead right in the premises has been lost by abandonment.

In respect to the dower right, we think there was error in the decree in allowing the subrogation it did to the rights of the mortgagee, and decreeing foreclosure of the mortgage for the sole benefit of Garst. Upon the death of Franklin, the mortgagor, it was an equity of redemption which descended to his heirs. His widow was dowable of this equity of redemption. As she joined her husband in the mortgage, in claiming dower she would be bound to contribute ratably toward the redemption of the mortgage. (4 Kent's Com. 48.) But by the decree rendered, in order to the protection of her interest she will have to pay the whole mortgage debt. As

between themselves,—the heirs and widow,—in redeeming, it would be the duty of each to contribute a ratable proportion of the redemption money, according to the value of their respective interests. The heirs, by paying off the mortgage debt, should not be permitted thereby to impose the whole burden of redemption from the mortgage upon the widow, in order for her to avail herself of her dower right, by compelling her, as under this decree, to refund to them the whole payment made. It is only her proportional part which she should be required to pay. *Swaine* v. *Perine*, 5 Johns. Ch. 482; *Russell* v. *Austin*, 1 Paige, 192; *Woods* v. *Wallace*, 10 Foster, 384; *Hartshorne* v. *Hartshorne*, 1 Green's Ch. 349; *Selb* v. *Montague*, 102 Ill. 446; *Montague* v. *Selb*, 106 id. 49.

By the discharge of the mortgage the heirs would have acquired an equitable lien upon the estate, which they might hold against the widow till she contributed her proportion of the charge, according to the value of her interest. (1 Washburn on Real Prop. (2d ed.) 186.) This, we consider, was the principle applying to the facts of this case, and not the right of subrogation, which was given by the decree. Garst, the purchaser at the administrator's sale, took but the interest of the decedent mortgagor in the lands, and occupies the same position in this respect as the heirs. See *Selb* v. *Montague*, 102 Ill. 446.

It is contended that the widow is estopped from claiming dower in this case. There is no doubt that it was the understanding of both Garst and the administrator, at the time of the administrator's sale, that the lands were sold free from every claim except the mortgage, and free from the claim of dower. Such understanding might be derived from the statements made by the administrator at the sale. But the widow was not present at the sale. Any statements made by the administrator would not affect her unless she authorized the making of them. He could not sell any interest of the widow without authority from her. There is no sufficient evidence

of any such authority, or of authority to make the statements the administrator did. We do not find any element of estoppel in the case.

It is claimed that Garst should be charged with the rents and profits of the land since he took possession. This might so be on the theory of the decree that Garst stood in the place of the mortgagee, and was entitled to have a foreclosure of the mortgage for his own benefit. But such was not the condition. Garst had paid off and extinguished the mortgage, and he went into possession as full owner, subject only to dower, and as respects the right of dower would be chargeable with nothing, as the heirs themselves would not have been, until, at least, there had been a demand made for the assignment of dower, the statute giving damages from the time of the demand of and refusal to assign dower. Rev. Stat. 1874, p. 428, sec. 41.

The cross-bill for dower should not have been dismissed. The widow's ratable share of the redemption money should have been ascertained, a day given for its payment, and on failure thereof the cross-bill should have been dismissed, but on making the payment dower should have been assigned.

The decree must be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*