Noffts v. Koss.

## Albert Noffts et al.
## v.
## Sophia A. Koss.

*Dower — Homestead — Incumbrance—Sale to Pay Debts—Payment of Mortgage by Purchaser — Contribution by Widow — Computation of Amount.*

1. Where a widow wishes to enjoy an interest of dower or homestead in incumbered real estate, she must pay an equitable portion of the sum paid to satisfy the incumbrance by a purchaser from the administrator on a sale to pay debts of the estate.

2. The amount to be paid by her should be in the same proportion that the present value of her estate computed by the life tables bears to the value of the land.

[Opinion filed November 23, 1888.]

Appeal from the Circuit Court of Champaign County; the Hon. C. B. Smith, Judge, presiding.

Mr. M. W. Mathews, for appellants.

Mr. J. W. Sim, for appellee.

Wall, P. J. This was a bill in chancery by a widow against a purchaser of land at an administrator's sale, to obtain an adjudication of the rights and liability of complainant in respect to an incumbrance by mortgage upon the land as affecting the dower and homestead interests of the complainant. The facts were agreed upon as follows:

The deceased husband of complainant had purchased the land, containing eighty acres, subject to the mortgage, and died intestate, leaving the debt unpaid and the incumbrance still subsisting. The administrator presented a petition to the County Court for leave to sell real estate to pay debts, and in that proceeding the dower and homestead of the complainant widow were set off and assigned to her, including, for both interests, thirty-six and two-thirds acres, and in pursuance of the order of the County Court the administrator sold the entire tract to the defendant in the bill, the parcel not embraced by the widow's estate, containing forty-three and one-third acres, being offered and bid off separately from the thirty-six and two-third acre parcel, the latter being sold subject to said rights of the widow, and each parcel being sold subject to the mortgage, which remained in full force. Afterward the mortgage was purchased from the holder thereof, with the funds and for the benefit of the defendant, who now holds it. Before filing the bill complainant offered to pay what she considered an equitable proportion of the incumbrance, but the parties could not agree upon the amount.

The land is worth $40 per acre, or $3,200 in all.

The complainant was forty-five years old March 6, 1887. The amount paid by defendant for the incumbrance June 16, 1886, was $1,046.54. The only matter to be determined by the court was the amount, if anything, that complainant should pay upon the mortgage above referred to, either by annual installments of interest, or by the payment of a specific sum to be paid down.

The decree finds that appellant bid for the land only what it was worth over and above the incumbrance, and expected to pay off the incumbrance as a part of the purchase price; that the money paid for the mortgage was in pursuance of such expectation and that thereby the mortgage has been fully satisfied, and that the interests of complainant have thereby been released. From this decree an appeal is prosecuted by the defendant in the bill.

In the case of Selb v. Montague, 102 Ill. 446, it was said that if mortgaged property is bought by a stranger from the

mortgagor under such circumstances as to show that he only paid for the excess over the mortgage, or so that one part of the estate satisfies the whole, the widow will be let in to claim dower if such purchaser shall obtain discharge of the mortgage, but that this rule applies only when the mortgaged estate is acquired by a stranger by a purchase *from the husband.* If the husband pays the debt himself, the dower attaches to the whole estate; but if the debt is paid by the heir after the death of the husband, this is equivalent to a purchase by the heir of that interest in the estate which is in the mortgagee, and the widow would have no right of dower in the interest so acquired by the heir, the right of the heir, however, having been acquired by removing an incumbrance upon an estate in which the widow and heir each had an interest subordinate to the incumbrance; the widow in such case has the right, by a just contribution, to avail herself of the benefit of the purchase by the heir of the interest of the mortgagee. It was further said that a sale of the real estate by an administrator under our statute is equivalent to a sale by the heir, the administrator being made by the statute in substance the attorney in fact of the heir to make such sale.

The power of the heir where the land is mortgaged is merely to sell the equity of redemption, for that is all that vests in him.

The purchaser takes the right of the heir, no more, no less; that is, the fee subject to the mortgage. If the purchaser redeems from the mortgage he holds as the heir would have held had he paid off the mortgage. The widow can have dower only by paying her ratable share of the money necessary to discharge the mortgage. The debt paid in discharging the mortgage is not the debt of the heir. In paying that debt he is not paying his own debt, as would be the case were the debt paid by the mortgagor in person. And it was further held that the reasoning applicable to a dower interest is equally applicable to the widow's claim of homestead.

We are of opinion that the views thus expressed by the Supreme Court are decisive of the present case, and that the decree is erroneous in holding the mortgage canceled.

It is not the case of a payment by the mortgagor of his own debt, nor is it a case of a sale by the husband under such circumstances as to justify. the conclusion that the mortgage debt was to be paid by the vendee as a part of the purchase price. It is in effect a sale by the heir of the equity of redemption, the proceeds to be devoted to the payment of such debts as have been probated against the estate. The bidder at such a sale will naturally seek to get the property as low as possible, but his bid must be the highest if he gets it.

As the equity of redemption only is sold, and as the purchaser will pay no more than he must in order to be the best bidder, there is no room for the suggestion that the mortgage is to be paid as part of the purchase price. When that is acquired by an assignment or by a payment, it is merely an acqui ition of the interest of the mortgagee, which of course is paramount to the rights of the widow. The widow must bear a fair proportion of the burden if she would enjoy an interest of dower or homestead in the incumbered property.

The bill recognized this liability and sought only to have the amount to be paid ascertained by a decree which would bind both parties. The present value of the widow's estates of dower and homestead should be computed by the life tables, and she should be required to pay a ratable share of the incumbrance. The amount she should pay of the whole debt must be in the same proportion that the value of her estates will bear to the entire value of the land.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*