## Daniel W. Zinn et al. v. Mary J. Hazlett, Administratrix, etc., et al.

1. ESTOPPEL—*Party Claiming Dower in Property is Estopped from Denying that it is Real Estate.*—A widow, who is also the administratrix of her deceased husband's estate, who has treated certain property as real estate by claiming and obtaining dower therein in proceedings to sell the same for the payment of debts, is estopped from saying that it is not real estate.

2. DOWER—*Owner of, Must Contribute to Discharge Incumbrances.*— The land belonging to the estate of a deceased person was divided among his widow and heirs without reference to a mortgage covering part of the land assigned to some of the heirs. At a later date, other land, for the conveyance of which a bond for deed had been given, was sold, and the proceeds used by the widow, who was also the administratrix of her deceased husband's estate, in paying off the mortgage on the land which had been previously divided. *Held*, that the widow should be required to contribute to the discharge of such mortgage in the proportion the value of her dower bore to the total value of the land divided.

**Objections**, to report of administratrix. Appeal from the Circuit Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed November 21, 1896.

A. M. CRAFTON and J. C. McBRIDE, attorneys for appellants.

In the adjustment of the accounts of executors and administrators, the County Court has equitable jurisdiction and may adopt equitable procedure. Millard v. Harris, Exr., 119 Ill. 185; In the Matter of the Estate of Joel Corrington, 124 Ill. 363.

Where a widow joins in the execution of a mortgage and her husband dies, she must contribute her ratable share of the mortgage before she is entitled to dower. Selb v. Montague, 102 Ill. 446; Nofts v. Koss, 29 App. 301.

While it is true that the administratrix may pay off claims that have not been presented for allowance, she assumes the risk of having the same allowed in her account, and if any equitable reason exists why she should not have credit for

the full amount of the claim, or any item thereof, then it is the duty of the court to reject such part of such account or item. Millard v. Harris, *supra;* In the Matter of Joel Corrington, *supra;* see also, Walker v̇. Diehl, 79 Ill. 473; Lynch v. Hickey, 13 Brad. 139.

Frank P. Drennan, attorney for appellees.

Mr. Justice Wall delivered the opinion of the Court.

The controversy in this case arose on the report of the administratrix of John A. Hazlett. Briefly stated, the material facts are as follows: In 1892, said Hazlett died intestate, owning lands in three different sections, aggregating 360 acres.

He had also the title to another tract of eighty acres, which he had sold on credit to one Rebecca George, to whom he had delivered a bond for a deed signed by himself and by his wife, the appellee, conditioned for a conveyance to said George on payment of the unpaid balance of $3,300. Shortly before his death, he and his wife executed a mortgage on 120 acres of the first named tract, to one Helme, for the purpose of securing the payment of a promissory note of $3,100, bearing seven per cent interest per annum, which mortgage conveyed the dower and homestead interest of the wife.

In due time after his death the wife was appointed administratrix, and in her inventory she included the obligation of said Rebecca George for the purchase of said eighty acres, as a part of the personal assets of the estate. Later, a petition for partition was filed in the Circuit Court by some of the heirs, against the widow and the other heirs, as to the 360 acres, but not including the eighty contracted to George, and a decree was entered approving the report of the commissioners assigning certain parcels to the widow for her dower and homestead estates, and dividing the residue among the heirs. No mention was made in the partition proceedings, of the mortgage to Helme.

The land so assigned to the widow did not embrace any part of that included in said mortgage.

Soon after this decree was rendered, an arrangement was made between said Rebecca George and the administratrix, by which the contract of sale was canceled and the note returned to the maker, who waived all claim on account of a cash payment of $300, made when the contract was entered into, and thereupon the administratrix reported the matter to. the County Court and inventoried the eighty acre tract of land as a part of the assets of the estate.

· She also filed a petition for sale of said tract for payment of debts, the principal item of which was the said note secured by the mortgage to Helme, which note, with the mortgage, was then held by W. T. Vandeveer.

In that petition she claimed dower in the land, but asked that the sale should be free of dower, and that the value thereof might be ascertained and paid to her in money. An order of sale was entered according to the petition and the land was sold free of dower, for the sum of $3,200.

Afterward she presented her report as administratrix, charging herself with money received from various sources, including the said sum of $3,200, and asking credit, among other items, for $3,451.48, paid in discharge of said note and mortgage, and also for the sum of $405.60, which she claimed was the cash value of her dower interest in said lands which she had so sold as administratrix. Exceptions were filed by the heirs and by Daniel W. Zinn and others who had acquired interests in the lands affected by the decree in partition.

These exceptions, as originally presented, challenged the item of $405.60, and three other smaller credits asked by the report. Subsequently an amendment to the exceptions was filed by leave of the court, objecting to the said item of $3,451.48 paid on account of said note and mortgage. The matter was heard by the court and an order was entered sustaining in part the amended exception as to the item last mentioned, reducing it from $3,451.48 to $1,294.30, requiring the report to be amended accordingly and continuing the cause for final report.

From this order the said Mary Hazlett prayed an appeal

to the Circuit Court which was allowed, and the cause was afterward heard in the Circuit Court, where an order was entered approving the report, from which the present appeal is prosecuted by the heirs and owners of the lands embraced in the decree of partition.

The first question is, what was included in the appeal from the County to the Circuit Court. It will be noticed that there were separate exceptions to five different items of credit, and that the order of the County Court, in terms, affected but one of them, the amount paid on the note and mortgage, and did not refer to or dispose of the others, though perhaps the fair construction of the order is that it, in effect, overruled them.

Be this as it may, very clearly the appeal, which was by Mrs. Hazlett, carried up merely the item of $3,451.48, and the exception thereto. Millard v. Harris, 119 Ill. 185. There was no appeal from the ruling on the other items, if indeed there was a ruling thereon, and so the question as to the credit of $405.60 for the value of the dower interest in the eighty acre tract sold to George and not embraced in the decree of partition, was not before the Circuit Court and is not before this court.

As to the item embraced in the appeal for money paid to Vandeveer in discharge of the note and mortgage, the point is made by appellants, that it was the duty of the widow, if she wished to assert her right of dower in the land affected by the mortgage, to contribute her ratable share of the incumbrance, and the case of Selb v. Montague, 102 Ill. 446, is cited in support of the position.

On the other hand it is contended that the doctrine of that case is not applicable, because the widow is not asking for dower in the lands affected by the partition decree; that whatever was assigned to her, under that decree, she may retain, and that no question as to the propriety of that decree can arise here. In that decree, as already stated, there was no reference to the mortgage, and the rights of the widow and heirs were disposed of as though there was no such incumbrance. The widow was assigned her dower in

all the lands affected by the decree just as if they were not so incumbered, and while the parcels assigned to her did not embrace that included in the mortgage, yet it is obvious that she received her dower in the mortgaged land the same as the other. If the mortgage had been foreclosed, and the land therein conveyed had been appropriated to the payment of that debt, it would seem clear that according to the principle of Selb v. Montague, the heirs to whom that land was set off might have called on her for contribution, because she had taken other land (which otherwise they would have gotten in part) on account of her dower in that land. Turning now to the George land, it is to be remembered that it had been bargained by Hazlett, his wife also executing the contract for deed, and that the note held for the unpaid purchase money was listed as personal assets in the inventory, and properly so. When the arrangement was made by which that contract was canceled and the note returned, the land was inventoried in lieu of the note. Was the character of the item changed from personal to real by that transaction?

Whatever might be the conclusion on that point, when separately considered, it must be noticed that the administratrix, being the widow, has treated the property as real estate by claiming and obtaining dower therein in the proceedings to sell for the payment of debts.

She had also presented, and had allowed, a demand for the value of that dower, and she is estopped to say it was not real estate.

It follows that the land of the heirs has been appropriated to the payment of the mortgage debt, thereby relieving the mortgaged land of the incumbrance, so that in substance and effect she is enjoying her dower in that land without making any contribution whatever to discharge the incumbrance thereon.

Had the personal estate been sufficient to pay that debt it might have been so applied, and then the dowress would have been exempt from any liability on account of the incumbrance; but because the personalty was not sufficient the land has necessarily been resorted to and the heirs have

paid the debt *pro tanto*, which is equivalent to a purchase by them of that interest in the estate which was held by the mortgagee, and which, of course, is paramount to the right of dower. Ordinarily the question of contribution arises when the widow asserts her dower in a direct proceeding against the mortgagee and the others interested in the estate.

But the principle must be the same, whether she proceeds directly or indirectly. Though she was not the complainant in the partition proceedings, and though the mortgagee was not a party, yet she received her dower in the mortgaged land by its equivalent in other land, and while obtaining dower in the eighty acre tract, the George land, she has applied the proceeds of that land to the extinguishment of the mortgage. She ought, therefore, to be charged with what would have been her equitable contribution to the amount which the George land has furnished in payment of the mortgage. The value of her dower in the mortgaged land should be computed, and then she should be required to contribute a proportion of the amount furnished by the proceeds of the George land, which should be the same proportion that the value of her dower bears to the entire value of the mortgaged land. Nofts v. Koss, 29 Ill. App. 301.

The amount so ascertained should be deducted from the credit of $3,451.48 asked by the report.

The judgment will be reversed and the cause remanded for further proceedings, consistent with the view herein expressed.