# ARTHUR W. WINDETT

*v.*

## JAMES HAMILTON.

1. VACATING A JUDGMENT—*after the term.* The rule is, that the circuit court has no power to set aside a judgment at a term of the court subsequent to that at which the judgment was rendered.

2. SAME—*exception to this rule.* But, where a final judgment is entered upon a default, a motion is made at the same term to vacate the judgment, and set aside the default, and such motion is continued to a subsequent term, the court thereby retains its control over the judgment, and the motion may be allowed at such subsequent term.

3. This case differs in this respect from the cases of *Cox* v. *Brackett*, 41 Ill. 222, and *Messervey* v. *Beckwith*, ib. 452. In those cases final judgment had been entered, and no motion to vacate and set aside was made at the term.

4. ENTERING RETURN UPON PROCESS—*discretionary.* Where an original summons had been issued, upon which no return was made, and an *alias* summons issued which was returned served, upon which a default was entered, a motion made for leave to the sheriff to enter his return, "not found," upon the original summons, and not supported by affidavit, was so far addressed to the discretion of the court that its action thereon cannot be assigned·for error.

5. VARIANCE—*between the writ and declaration—effect thereof.* Upon quashing the summons for a variance between the writ and the declaration, in respect to the amount of damages claimed, it is proper, in the absence of a motion for leave to amend, to dismiss the suit.

6. SAME—*how such variance may be reached.* Such· a variance may be reached by a plea in abatement, or by motion, the defect appearing upon the face of the papers.

APPEAL from the Circuit Court of Cook county ; the Hon. E. S. Williams, Judge, presiding.

This was an action of assumpsit, brought in the circuit court of Cook county, by Arthur W.. Windett, an attorney at law, against James Hamilton, to recover for legal services. The cause came on for trial at the September term of said

court, and a default was taken and final judgment rendered, for the sum of $1000. Subsequently, and at the same term of that court, the defendant entered his motion to vacate the judgment, and set aside the default. The court entered the motion, but postponed the hearing until the following October term. At the latter term, the court allowed such motion, and ordered the judgment and default entered at the preceding term to be vacated and set aside.

It appears from the record in this case that the declaration and precipe for summons were filed, returnable to the August term of that court; that the cause was continued for want of service; that an *alias* summons issued, returnable to the September term, at which term the plaintiff obtained leave to file his amended declaration.

The *alias* summons was served, and return thereof properly made; but no return was made upon the original summons. Pending the motion to set aside the default, the plaintiff entered his motion for leave to the sheriff to make his return of "not found" upon the original summons, which motion was refused. It also appears from the record, that the damages claimed in the *alias* summons, were five hundred dollars, while in the amended declaration they were one thousand dollars. At the October term, the defendant entered his motion to quash the *alias* summons, and dismiss the suit, on the ground, that there was no return made upon the original summons in the cause, and upon the ground of variance between the summons and the declaration, in the amount of damages. The court granted the motion, dismissed the suit, and rendered judgment against the plaintiff for costs.

The plaintiff brings the record to this court on appeal, and assigns for error :

1st. That the court erred in setting aside the default at a term subsequent to the term at which the default was taken, and judgment rendered.

2nd. That the court erred in refusing to allow the officer to make his return of "not found" upon the original summons, in quashing the *alias* writ, and in dismissing the suit.

For these errors this court is asked to reverse the judgment.

Mr. ARTHUR W. WINDETT, *pro se.*

Mr. JOHN J. McKINNON, and Mr. R. H. FORRESTER, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The first point made by appellant is, that the court below had no power to set aside the judgment by default at the October term, the judgment having been entered at a previous term. That the court had not this power is settled by repeated rulings of this court, *Morgan* v. *Hay,* Breese, 126; *Cook* v. *Wood,* 24 Ill. 294; *McKindley* v. *Buck,* 43 Ill. 488. But this is not such a case. Here the default was taken at the September term, and the motion made at that term to set it aside, which motion was continued for discussion to the next term, and then it was allowed. The motion having been entered at the September term, the cause was kept in court and remained on the docket. In the cases cited, the causes were finally disposed of, and were not on the docket at the subsequent term. They had passed beyond the control of the court. There had been final judgment entered. *Cox* v. *Brackett,* 41 Ill. 222; *Messervey* v. *Beckwith,* ib 452. Here it was not so. The court, at the October term, had the same power over the cause that it had at the September term, the motion attaching to it at that term, and the cause remaining on the docket subject to this motion.

Another point made by appellant is, that the court erred in refusing to allow the sheriff to make a return on the first writ. There was no affidavit in support of the motion. It was a motion addressed to the discretion of the court, nothing appearing on which to base it, and the refusal of the court to allow it can not be assigned as error.

The remaining point is, that it was error to dismiss the suit, on quashing the *alias* summons. The suit was dismissed for a variance between this summons and the declaration. What other course could have been taken? This was an objection which could be reached by plea in abatement, and equally by motion, the defect appearing on the face of the papers. *Cruikshank* v. *Brown,* 5 Gilm. 75; *Holloway* v. *Freeman,* 22 Ill. 197. Plaintiff might have saved his case had he asked leave to amend. This he failed to do. *Thompson* v. *Turner,* ib. 389. We see no error in the record and must affirm the judgment.

*Judgment affirmed.*