SAMUEL E. HIBBARD

*v.*

JOHN M. MUELLER.

1. JUDGMENT—*when may be vacated at subsequent term.* Where a motion to vacate a judgment is made at the same term at which judgment is rendered, and continued until a subsequent term, the court has power at such subsequent term to allow the motion and vacate the judgment.

2. FORMER DECISION. The case of *National Insurance Company* v. *Chamber of Commerce*, 69 Ill. 22, so far as it is in conflict with the rule above laid down, is overruled.

WRIT OF ERROR to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. J. L. HIGH, for the plaintiff in error.

Messrs. HOYNE, HORTON & HOYNE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

At the October term, 1875, of the Superior Court of Cook County, a judgment by default was rendered against the defendant in error. At the same term of court he ap-

peared and entered a motion to set aside the default and vacate the judgment. This motion the court continued until the November term of court, when it was heard and allowed ; and the only question presented by the record is, whether the court exceeded its power in allowing the motion to vacate the judgment.

There can be no doubt but the power of a circuit court to change or alter its judgments in a matter of substance is confined to the term of court at which the judgment is rendered. During the term, in contemplation of law, the record containing the proceedings is in the breast of the court, and, while this continues, such amendments of the record as seem proper may be made ; but after a final judgment has been entered, and the term of court at which the judgment was rendered has closed, no steps having been taken to vacate the same, the court at a subsequent term has no power to alter or amend its final judgment so rendered, except perhaps in respect to mere matters of form. This is the doctrine of *Cook* v. *Wood*, 24 Ill. 295 ; *Messervey* v. *Beckwith*, 41 id. 452 ; *McKindley* v. *Buck*, 43 id. 488 ; *Fix* v. *Quinn*, 75 id. 232 ; *Coursen* v. *Hixon*, 78 id. 339 ; to which we have been referred by the counsel for plaintiff in error. These cases do not, however, control the question presented by this record. In all of them the motion to vacate or change the judgment was entered at a term subsequent to the rendition of the judgment, while here the motion to vacate the judgment was made at the term of court at which the judgment was rendered, and expressly continued by the court to the next term for hearing and decision.

This case is in all respects like *Windett* v. *Hamilton*, 52 Ill. 180, in which it was decided that where a final judgment is entered upon a default, and a motion is made at the term to vacate the judgment and set aside the default, and such motion is continued to a subsequent term, the court thereby retains its control over the judgment, and the motion may be allowed at a subsequent term. The lan-

17 — 86th Ill.

guage there used is applicable here, where it is said : "The
default was taken at the September term and the motion
made at that term to set it aside, which motion was con-
tinued for discussion to the next term, and then it was
allowed. The motion having been entered at the Septem-
ber term, the cause was kept in court and remained on the
docket.   *   *   *   The court at the October term had the
same power over the cause that it had at the September
term, the motion attaching to it at that term, and the cause
remaining on the docket subject to this motion." There is
no substantial difference between the question here pre-
sented and the one determined in the case last cited, and
this case must be controlled by that.

Indeed, no reason has been suggested in the argument,
and none has occurred to us, which would compel the court
to decide the motion made to vacate a judgment at the
term in which it was entered, or lose power or jurisdiction
over the subject matter of the motion. If such was the
law, great hardship might occur in many cases, and the
ends of justice might often be defeated. Suppose a judg-
ment by default should be entered on the last day of a term
of court, which was entirely destitute of merit, and the de-
fendant should immediately appear and enter a motion to
vacate the judgment, but owing to the press of other busi-
ness the court could not find time to take up and act upon
the motion until the time fixed by law for the court to ad-
journ for the term should arrive, would justice be subserved
or the policy of the law be carried out by holding that the
court was powerless to continue the motion to be heard and
determined upon its merits at the next ensuing term of
court? We apprehend not. And yet such would be the
logical and legitimate effect of the doctrine contended for
by the plaintiff in error. We have, however, been referred
to *National Insurance Company* v. *Chamber of Commerce*,
69 Ill. 22, as an authority sustaining the position of plaintiff
in error. The decision in that case, if adhered to, would
control the question presented by this record. That case

seems, however, to have been predicated upon *Cook* v. *Wood, supra;* and if it was like *Cook* v. *Wood* in its facts, the doctrine announced therein would be beyond question. But in the case of *Cook* v. *Wood* the judgment by default was rendered at the April term of court; the case passed off the docket; the motion to vacate was not entered until the following October term. Upon that state of facts it was properly held that the court had no jurisdiction to act on the motion; that the case had passed beyond the control of the court. In the Chamber of Commerce case the motion to vacate the judgment was entered at the same term of court the judgment was rendered, and continued to a subsequent term. This fact distinguished it from *Cook* v. *Wood,* and it is a misapprehension of the facts upon which the latter was decided, to hold that *National Insurance Company* v. *Chamber of Commerce* could be based upon *Cook* v. *Wood.* The case of *National Insurance Company* v. *Chamber of Commerce* being in conflict with *Windett* v. *Hamilton,* 52 Ill. 180, and not in harmony with subsequent cases where a similar principle was involved, it will be overruled.

We are of opinion, as the motion was made at the same term judgment was rendered, and regularly continued on the docket to the next term for decision, the court had the undoubted power to vacate the judgment at the subsequent term. This principle was recognized in *Toledo, Peoria & Warsaw Railway Company* v. *Eastburn,* 79 Ill. 141, and *Combs* v. *Steele,* 80 Ill. 103, and expressly decided in *Hearson* v. *Graudine,* at the present term.[1] The judgment of the circuit court will be affirmed.

*Judgment affirmed.*

---

[1] Reported in 87 Ill. 115.