Selb et al. v. Mabee.

### THEODORE SELB ET AL.

v.

### ANNA MABEE, formerly, etc.

1. DOWER AND HOMESTEAD—CONTRIBUTION BY WIDOW.—In a suit for dower and homestead brought by the widow, plaintiffs in error set up certain incumbrances which they had paid, and contended that the widow should be compelled to contribute. The Supreme Court passed upon the right of the widow to dower and homestead, and the question now in controversy is as to the amount to be paid by the widow. *Held*, that the parties are to contribute in proportion to the value of their respective interests. The ratable proportion will be determined by the value of the widow's estates as compared with the value of the fee simple.

2. PRESENT VALUE OF HOMESTEAD TO BE CONSIDERED.—The court is of opinion that the vice of the master's report in this case, is that he proceeds upon the false assumption that the value of the homestead is fixed by law at $1,000. The present value of the homestead is first to be ascertained and deducted and then the widow would have dower in the residue.

3. EVIDENCE.—Where it was urged that it is recited in the decree that the court heard evidence, and that it will be presumed the court had evidence before it of the value of the fee simple and of the present values of the dower and homestead, and from such evidence fixed the amount at $950, etc. *Held*, that such presumption might prevail were it not that the certificate of the chancellor is certified by him to contain "all the evidence offered by either party on the trial of said cause," the court, therefore, must hold that there was no evidence upon which to base the findings of the court in this regard.

4. JURISDICTION.—As the question of the right of defendant in error to dower and homestead was settled by the Supreme Court, and the only controversy now involved is as to the amount she should pay toward lifting the incumbrances, this court has jurisdiction.

ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 18, 1884.

Messrs. KROME & HADLEY, for plaintiffs in error, cited Selb v. Montague, 102 Ill. 446.

Messrs. METCALF & BRADSHAW, for defendant in error; cited Merritt v. Merritt, 97 Ill. 243.

Selb et al. v. Mabee.

BAKER, J. This is a suit for dower and homestead. It has twice been before the Supreme Court. Selb v. Montague, 102 Ills. 446, and Montague v. Selb, 106 Id. 49.

When it was first there, the court said: "The decree of the circuit court granting to the widow, unconditionally, dower and an estate of homestead, was therefore erroneous in not subjecting her rights each to the condition that she should, as to each right, contribute a ratable share, in regard to such right, of the redemption money paid by appellants for the discharge of the mortgages, before she should be permitted to avail herself of that right."

The master in chancery reported the amount to be contributed by defendant in error, as respects her estates of dower and homestead, to be $1,247.98, but the court set aside the report and fixed the amount at $950.

Ratable share means the proportion in value that the two estates or interests of the widow bear to the fee simple.

The estates vested in the widow represent a certain value, and the estate in fee, the residue in value, of the whole property. The parties are to contribute in proportion to the value of their respective interests. The ratable proportion will be determined by the value of the widow's estates as compared with the value of the fee simple. The matter may be thus stated: The value of the whole estate is to the value of the widow's estates, as the whole debt is to what the widow ought to pay.

It is urged by counsel that it is recited in the decree that the court heard evidence, and that it will be presumed the court had evidence before it of the value of the fee simple estate and of the present value of the dower and homestead, and from such evidence fixed the amount of $950 as the ratable and just share the widow should pay.

Such presumption might prevail were it not that the testimony heard is preserved in a certificate of the chancellor, and is certified by him to be "all the evidence offered by either party on the trial of said cause." We must necessarily hold there was no evidence upon which to base the findings of the court in this behalf, and to justify the amount fixed in this decree.

Selb et al. v. Mabee.

It appears that the total amount of the incumbrances due at the date of the decree was $3,789.55. The computation reported by the master and that made by counsel for plaintiff in error in his brief, are founded upon this total of incumbrances. It would seem it must of necessity be that the amount which the widow should contribute must have the the same relation to the whole amount of the incumbrances, that her estates of dower and homestead do to the estate in which she has her dower and homestead.

As respects dower, there should be no difficulty in ascertaining the amount in gross it should contribute. Swaine v. Perine, 5 Johns. Chy. 491; 1 Scribner on Dower, 512. We think the vice of the master's report to be that he proceeds upon the false assumption, the value of the homestead is fixed by law at $1,000. Merritt v. Merritt, 97 Ill. 243. The present value of the homestead right is first to be ascertained and deducted, and then the widow would have dower in the residue. The calculation as to homestead should be upon the basis, not of requiring her to keep down the interest on $1,000, but of requiring her only to keep down the interest on the present value of her homestead right. It would be unjust to charge her with interest on a greater value in the property than is vested in her. It is probable from the data afforded by the record, the correct amount defendant in error should contribute is intermediate the sum reported by the master and that fixed by the decree.

The matter of the apportionment of costs was one resting in the discretion of the circuit court.

There is nothing in the point made that this case is not properly in this court. The questions of the right of defendant in error to dower and homestead are settled by the adjudications made by the Supreme Court. The only controversy now involved in the case, is one as to the amount she should pay toward lifting the incumbrances on the land.

For the error indicated, the decree is reversed and the cause remanded.