## Job Pringle v. Mary J. James et al.

1. LIENS—*Of Married Women Who Furnish a Part of the Consideration for the Purchase of Land.*—A married woman who furnishes money from her separate estate as a part of the consideration for the purchase of land has a right of lien upon such land superior to that of a common creditor of her husband to the extent of the money so furnished.

Creditor's Bill.—Appeal from the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1900. Affirmed in part, reversed in part, and remanded. Opinion filed February 28, 1901.

WILLIAM MUMFORD, attorney for appellant.

WILLIAMS & COLEY, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity filed by appellant against appellees in the nature of a creditor's bill, to set aside certain conveyances of real estate, made by George James to J. D.

Hess, and by the latter to Mary J. James, the wife of George James, alleged to have been made to defraud, hinder and delay the creditors of George James. The bill was answered and thus brought to issue, and having been referred to the master in chancery to take the evidence and report the same, together with his conclusions of law and fact, and such report having been made to the court, it was found that the deeds mentioned were fraudulent and ought to be set aside, and the real estate thereby conveyed subjected to the debt due to the complainant, subject, however, to certain mortgages found to exist upon the premises. Exceptions to the report of the master having been interposed, the court, upon the final hearing, materially modified such finding of the master to the effect that Mary J. James was given a resulting trust to the extent of $750 in the real estate involved, and the court, by its decree, made that a lien upon the land, and a priority over the complainant, and also, her husband having died pending the attachment proceedings, in aid of which the bill was filed, gave to the widow the estate of dower and homestead in the land in question. In addition to the eighty and twenty-acre tracts that the decree found had been fraudulently conveyed, the bill included another eighty-acre tract that had not been conveyed at all, the title to which remained in the debtor and as to which the court dismissed the bill for want of equity. In respect to the lands found to have been fraudulently conveyed, and subject to the payment of appellant's claim, subordinated to the other claims as stated, the court gave no order of sale, nor in any other manner did the decree provide for its enforcement, but reserved that part indefinitely for the future action of the court, with no apparent or assigned reason for such postponement or suspension of appellant's right to execute the decree.

Appellant brings the decree to this court for reversal upon the principal gounds that the court erred in dismissing the bill as to the eighty-acre tract of land, not fraudulently conveyed; in giving the widow a priority for $750; and not requiring her dower and homestead to contribute

to the payment of the mortgages; and in refusing to order a sale of the land after declaring a lien in favor of appellant.

We are of the opinion that the findings of the decree are warranted and sustained by the evidence in the case, so far as it concerns the dismissal of the bill as to the eighty acres not fraudulently conveyed.   The title to such land remains in the debtor, and no reason is perceived, if it is otherwise subject to the payment of his debts, why, as part of the assets of the estate, it can not be administered upon by the administrator, in the due course of administration.   Mary J. James, the widow, having invested $750 from her separate estate, as part of the consideration for the purchase of the land alleged to have been fraudulently conveyed to her, has, as we think, under authority of Keady v. White, 168 Ill. 76, a clear right to a lien upon such land superior to that of appellant, and it was proper and equitable for the court, by its decree, as it did, to protect such right.   Upon what principle of equity or of the law the widow should be required to contribute to the payment of the mortgages, in the interest of a common creditor, we are unable to discover.   The authorities relied upon by appellant in this regard are not in point, the principle of those cases having application only between the widow and tenants in common.   Selb v. Montague, 102 Ill. 446; Selb v. Mabee, 14 Ill. App. 574; Montague v. Selb, 106 Ill. 49.

For what reason the court postponed the enforcement of the decree after giving appellant a lien, subject to other claims, we are unable to see from the record.   Counsel for appellees, in their argument, have stated the reason to be that it was the purpose of the court to await the result of the administration of the estate, and thereby determine the necessity of a sale.   In the absence of objection to the decree, and there is none, that it was not averred and proved upon the hearing the estate was insolvent, and inadequate to pay the claim of appellant, it will be presumed the decree included this element within its principles, without which it doubtless would have been denied, and this being true, we

16    APPELLATE COURTS OF ILLINOIS.

VOL. 94.]   Western Mfrs.' Mutual Ins. Co. v. Rowell Elevator Co.

think appellant had the right to immediate execution of the decree, and for the reason the enforcement of the decree was by the court indefinitely reserved or postponed, it will be to that extent reserved, and in all other respects affirmed.

So much of the decree of the Circuit Court as reserves its enforcement for future action of the court is therefore reversed and the cause remanded with directions that unless the claim of appellant is paid within thirty days the premises be sold and the proceeds distributed in accordance with the rights of the parties as determined by the decree, and the said decree is in all other respects affirmed. The appellees are ordered to pay the costs of this court.

Affirmed in part, reversed in part, and remanded.