## Maud L. Donaldson v. William H. Copeland.

1. JUDGMENTS—*When They May be Vacated After the Term.*—A motion having been made at the term during which the judgment was entered. to set it aside, the court has jurisdiction to vacate the judgment at the following term.

Donaldson v. Copeland.

2. RECORDS—*Motions and Orders Not a Part of—Rights Acquired Thereunder.*—In vigorously contested jury trials there are motions and orders of many kinds which are not a part of the common law record and are never made a part of it, yet rights are acquired thereunder.

Assumpsit.—Error to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Writ of error dismissed. Opinion filed March 18, 1902.

January 30, 1899, plaintiff in error began an action in the Superior Court against the defendant in error and others, to recover damages alleged to have been caused by unskillful and negligent medical treatment.

A summons dated January 30, 1899, and returnable to the next March term, was issued, and duly served on defendant in error February 1, 1899. A declaration was filed March 24, 1899, ten days before the April term of the Superior Court.

The fourth day of the April term, April 6, 1899, the default of William H. Copeland was entered, and the plaintiff's damages assessed at $10,000; judgment was at once rendered against him for that sum and costs, and execution awarded to the plaintiff.

During the term at which this judgment was entered, viz., April 17, 1899, there was filed in said cause a motion to set aside this judgment, and also affidavits, which, if true, showed most abundant reasons for setting aside the judgment.

May 1, 1899, being the first day of the May term, on motion of the defendant, Copeland, an order was entered setting aside the judgment entered April 6th and requiring the defendant to plead in said cause within ten days. May 8, 1899, the defendant, Copeland, filed pleas.

March 28, 1900, the defendant filed a further plea of accord and satisfaction.

March 28, 1900, the plaintiff joined issue as to the first plea of the defendant and as to the second plea the defendant filed a demurrer; while as to the third plea of the defendant the plaintiff filed the plea of *non est factum*,

which plea the plaintiff personally verified. The plaintiff upon the same day also filed three special replications to the defendant's third plea.

April 4, 1900, the defendant joined issue upon the demurrer and upon the replications of the plaintiff to his third plea.

April 24, 1900, the defendant filed an additional plea, upon which, April 27, 1900, the plaintiff joined issue.

May 24, 1900, the plaintiff's motion to vacate the order of court made May 1, 1899, setting aside the judgment entered April 6, 1899, was denied; from which refusal to vacate the order of May 1, 1899, the plaintiff prosecutes this writ of error.

Upon the hearing of plaintiff's motion to vacate the order setting aside the judgment, an affidavit was presented to the court setting forth that the affiant, as attorney of the defendant, Copeland, filed his appearance in the cause March 6, 1899; that there was no declaration on file; that thereafter no less than eight times he examined the files and the file register to see if a declaration had been filed; that on or about the 27th of said March, and thereafter, on or about the last Friday or Saturday before the first Monday in April, he again examined the files, and there was no declaration on file nor any receipt for one; that affiant kept constant and careful watch of said case from the time he filed his appearance and did not learn that any declaration had been filed therein; that April 7th he learned of the judgment by defendant rendered against his client; that no notice was given him of a motion for the inquest of damages; that on or previous to April 12, 1899, a notice of the motion to set aside the judgment was served upon the attorneys for the plaintiff, informing them that such motion would be asked to be heard April 15, 1899; that said cause appeared upon the contested motion calendar of Judge Stough published in the Law Bulletin of April 14, 1899, to be heard April 15th; that when reached on Judge Stough's calendar said motion, in the presence of counsel for plaintiff and defendant, was continued to April 17, 1899, when, in

Donaldson v. Copeland.

the presence of counsel for plaintiff and defendant, the proofs submitted by the defendant in support of the motion were heard, as well as argument by counsel for plaintiff and defendant; that Judge Stough then stated that he would take the case up and decide it as soon as he could give it proper consideration; that on Monday, May 1, 1899, attorneys for plaintiff and defendant being present, Judge Stough set aside the judgment and ordered the defendant, Copeland, to plead within ten days.

McClellan & Spencer, attorneys for plaintiff in error.

Merriam & Holland, attorneys for defendant in error.

Mr. Justice Waterman delivered the opinion of the court.

A motion having been made at the term during which the judgment was entered to set it aside, the court had jurisdiction to, at the following term, vacate the judgment. Windett v. Hamilton, 52 Ill. 180.

We do not understand counsel for plaintiff in error to seriously contest this principle, but that their insistence is rather, that what is known as the common law record, fails to show the making, during the April term, of a motion to set aside; therefore the court had no jurisdiction to set aside at the subsequent May term.

The record does not, as counsel say, show that after judgment nothing further was done during the April term; the record as existing at the close of the April term failed to show that during that term anything was done after the entry of the judgment.

If, as counsel urge, the court had no jurisdiction on the first day of the May term to decide the motion and set aside the judgment, we do not understand why the plaintiff, eight terms thereafter, was moving to have the vacating order set aside; and when this motion was denied, presented a bill of exceptions.

In most vigorously contested jury trials there are motions and orders of many kinds that are not a part of the common law record and are never made a part of the record; yet rights are acquired thereunder.

Aside from the presumptions arising from what is made to appear in this cause, we are of the opinion that the plaintiff waived all error, if such there were—which we by no means intend to intimate—in vacating the judgment.

The plaintiff acquiesced in such action by thereafter obtaining a rule on the defendant to plead, filing a demurrer, replications, rejoinders and similiters. As plainly as possible she acknowledged the jurisdiction of the court.

Many terms thereafter she made and pressed a motion to set aside the vacating order.

*Consensus tollit errorem.*

The writ of error is dismissed.