## Job Pringle v. Mary J. James.

1. PRACTICE—*Court May Dispose of Motion at Term Subsequent to That at Which it Was Made.*—Where a motion to vacate an order appointing a receiver is made at the same term that the order was made, it is competent for the court to entertain and dispose of the motion at a subsequent term, and it makes no difference that the two terms are held by different judges.

2. RECEIVERS—*Where the Mortgage Provides for Appointment to Collect Rents and Profits.*—A provision in a mortgage for the appointment of a receiver in case of foreclosure to collect the rents and profits until the expiration of the redemption period, authorizes such appointment regardless of the mortgagor's insolvency.

3. SAME—*Where One May be Appointed by the Court in the Absence of Provision for Same in the Mortgage.*—The court may appoint a receiver to collect the rents during the redemption period and apply them on the indebtedness, though the mortgage contains no provision to that effect, where it appears that the property is insufficient security and that the party personally liable is insolvent.

4. DEBTOR AND CREDITOR—*Judgment Creditor Has No Lien on Rents and Profits of Debtor's Land.*—A judgment creditor, after a sale of his debtor's land on execution, is not entitled to have a receiver appointed to take possession of the land and collect the rents and profits therefrom during the statutory period of redemption, and apply them to the unpaid part of his judgment.

Creditor's Bill.—Appeal from the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

WILLIAM MUMFORD and W. H. CROW, attorneys for appellant.

W. L. COLEY, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellant presented to the Circuit Court of Pike County a creditor's bill, in which he sought to have set aside as fraudulent certain conveyances of real estate made by his debtor, George James, in the year 1895. George James was dead when the bill was filed. His heirs and widow, with other interested parties, were made defendants. Upon the hearing, the court sustained the bill as to 100

acres of the land involved and declared a lien on it in favor of appellant, for the payment of $2.740.90, with interest at five per cent from December 7, 1897, subject to a mortgage in favor of Faith Dilworth, to the dower and homestead rights of the widow, Mary J. James, and to a resulting trust in favor of Mary J. James to the extent of $750. The court postponed the enforcement of the decree, however. Upon appeal this court affirmed the decree in all respects except as to the postponement of its enforcement by sale, and as to that part reversed, and remanded the cause with directions that unless appellant's claim should be paid within thirty days the land should be sold. Pringle v. James, 94 Ill. App. 13. On the first of February, 1902, the master in chancery sold the land at public sale to appellant for $4,000, the widow having filed her consent for sale of her dower and homestead interest. On the 17th of April following, the master reported the sale and distribution of the proceeds as follows:

To Faith Dilworth (mortgage)..................$1,137 24
To Mary J. James, cash worth homestead....... 420 00
"      "        "        "      "  dower........... 342 00
To Mary J. James, resulting trust, less certain
  costs..................................................  559 63
Costs in the case.......................................  238 00
To Job Pringle.......................................... 1,304 83

There was left an unpaid deficiency of $2,000 to Pringle, and the Circuit Court, upon his motion, appointed a receiver to collect the rents for the statutory period of redemption, so they could be applied on such deficiency. On the day following the appointment, April 29, 1902, Mary J. James, and one other defendant, moved the court to vacate the order appointing the receiver. The motion was not disposed of at that term of court, but was continued over to the June term.

On May 15, 1902, Mary J. James deposited with the master $4,070, to redeem from the sale made to appellant on the 1st of February, 1902, and a certificate of redemption was issued to her. Appellant accepted the redemption money from the master. On the 28th of June, 1902,

the motion of April 29th to vacate the order appointing
the receiver was sustained and the receiver discharged.
Appellant again brings the case to this court by appeal and
asks for a reversal of the order discharging the receiver.
His contention is that the receiver should have been con-
tinued for the statutory period of redemption for his bene-
fit because he had a lien upon the rents and issues of the
land for that period, and that Mrs. James could not defeat
his rights to the rents for that period by redeeming from
the master's sale, because she was, after being paid for her
dower and homestead interest, a stranger to the land and
had no longer any interest in it.

It is assigned for error that the court at the June term
entertained the motion and assumed to revise and review
the action of the court in the matter of the receivership
made at the April term, when the court was presided over
by another and different judge. The motion to vacate was
made at the same term that the order appointing the
receiver was made. It was entirely competent, therefore,
for the court to entertain and dispose of the motion at a
subsequent term. Windett v. Hamilton, 52 Ill. 180; Hib-
bard v. Mueller, 86 Ill. 256. It can make no difference
that the April term was held by one judge and the June
term by another. It was the same court, the Circuit Court
of Pike County, and the presiding judge had the same
power to correct and amend the orders of the judge who
occupied the bench immediately preceding that he would
had the orders been entered by himself. We do not agree
with counsel that Mrs. James became a stranger to the land
when the master paid her the cash worth of her dower and
homestead and the value of the resulting trust and for that
reason had no right to redeem. The conveyance to her was
fraudulent only as to creditors. The decree did not divest
her title but simply rendered it subject to the lien which
was declared in favor of appellant. The extinguishment
of her dower, homestead and resulting trust, by the sale of
the land and the payment to her of their value, in nowise
affected her rights as grantee in the deed from Hess. It

is clear to our minds that she could redeem, and her right in that regard is fully recognized by the decree of the court. Furthermore, appellant is in no position to question that right after accepting the redemption money paid to the master by Mrs. James.

Prior to the filing of his bill, appellant was nothing more than an ordinary judgment creditor. The object of his bill was to remove a fraudulent incumbrance which stood in the way of an execution. We are advised of no case which holds that a judgment creditor, after a sale of his debtor's land on execution, is entitled to have a receiver appointed to take possession of the land forthwith, and collect the rents and issues therefrom during the statutory period of redemption so that they may be applied to the unpaid part of his judgment. In each one of the numerous cases cited by counsel in support of appellant's alleged rights to the rents and profits, the rights of a mortgagee were involved. In such cases, it has been repeatedly held that a provision in the mortgage for the appointment of a receiver in case of foreclosure to collect the rents and profits until the expiration of the redemption period authorizes such appointment regardless of the mortgagor's insolvency, and 'that the court may appoint a receiver to collect the rents during the redemption period and apply them on the indebtedness, though the mortgage contains no provisions to that effect, where it appears that the property is insufficient security and that the party personally liable is insolvent. In all such cases, the lien is voluntarily created by the mortgagor. He pledges not only the land but the rents and the issues from it for the payment of his debt. Not so with the ordinary judgment debtor. He has pledged nothing. The lien against his land was created by no volition on his part. We are of the opinion, therefore, that the appointment of a receiver, at the April term, was unauthorized, and that the court properly revoked its order and discharged him at the June term.

The order will be affirmed.