**J. W. Schwind, Administrator of the Estate of Clara A. Kuhn, Deceased, Respondent, v. Walter J. Forester, Petitioner.**

Opinion filed March 4, 1937.

L. W. WILEY, of Du Quoin, for appellant; L. A. CRANSTON, of Du Quoin, of counsel.

CHARLES E. FEIRICH and JOHN K. FEIRICH, both of Carbondale, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On December 27, 1935, in the circuit court of Perry county, a decree was rendered in favor of respondent (plaintiff below) in a certain chancery proceeding to declare as a preference a claim which plaintiff had filed in the receivership of the First National Bank of Tamaroa, of which petitioner herein is receiver.

On January 4, 1936, the defendant, who is now petitioning for leave to appeal, filed a motion in the cause, which he styles a motion for a new trial. The motion assigns a number of reasons, chief among which are

newly discovered evidence; that the findings of the court are against the manifest weight of the evidence, and "that substantial injustice will be done if the judgment is allowed to stand."

On March 30, 1936, the chancellor overruled the motion, after which, on April 30, 1936, defendant filed in the trial court a notice of appeal from the order entered on said March 30, 1936, and gave notice that he would ask for the fixation of the amount of appeal bond. The court thereafter, on May 6, 1936, fixed the amount of such bond and ordered that upon same being filed, and the security thereon approved, that the notice of appeal be made a supersedeas. On May 9, 1936, defendant filed a praecipe for record and transcript of proceedings, and on July 3, 1936, he filed his motion to strike from the files his own appeal, being of the opinion that he should have appealed from the decree of December 27, 1935, rather than the order of March 30, 1936. The court, on July 6, 1936, denied such motion to strike the notice of appeal.

Plaintiff, on July 22, 1936, filed his motion to dismiss the appeal, for the reasons that defendant had not filed appeal bond within 10 days as required by the order of court entered on May 6, 1936; that he did not file transcript of proceedings within 60 days after April 30, 1936, the date upon which notice of appeal was filed, and that no order of court extending the time for filing such report of proceedings was entered; that no such report of proceedings was on file at the time of filing the motion to dismiss the appeal; and that no such report of proceedings was transmitted to the office of the clerk of the Appellate Court as required by law.

The court, on July 23, 1936, heard such motion, sustained same, and dismissed the appeal, after which defendant filed this, his petition, asking that he be allowed to appeal from the decree entered December 27, 1935; alleging that his attorney had only been a practitioner

in this State for two and one-half years; that not being familiar with the mode of appeal in Illinois, he filed his said motion for a new trial from the order last mentioned; that after such motion was overruled he consulted a lawyer of 40 years practice in this State, and became convinced that he had improperly sought to appeal from the order of March 30, 1936, when in truth he should have appealed from the decree of December 27, 1935; and that he had not been guilty of any culpable negligence in the premises.

Defendant moved to strike the abstract of additional record, and the answer to petition for leave to appeal filed by plaintiff. Upon consideration of the motion we are of opinion that the documents were properly filed, and the motion is overruled.

The proceeding brought by plaintiff to have the claim allowed as a preference was equitable in its nature; was treated by the court and the parties as such; was heard after the manner of chancery cases, and a decree was rendered therein. We think it was a chancery proceeding and to be considered in the light of the rules of law which pertain to such suits.

The motion filed January 4, 1936, while called a motion for a new trial, was in truth and effect a motion to set aside the decree and for a rehearing of the cause; the last ground assigned therein reciting "that substantial injustice will be done if the judgment is allowed to stand." Taken in conjunction with other grounds assigned, this amounts to a prayer to vacate and set aside the decree and award a rehearing. It is the substance and effect of the motion, rather than its form, which determines its character.

It has long been the rule in this State that the losing party in a chancery suit may move for a rehearing, and when the motion is filed during the term at which the decree was entered, its effect is to stay or suspend the operation of the decretal order until the court

passes upon the motion, when, if it be overruled, the decree becomes final and at once operative. *Watson v. LeGrand Roller Skating Rink Co.*, 177 Ill. 203; *Hibbard v. Mueller*, 86 Ill. 256.

The decree in this cause was made final and operative by the overruling of defendant's motion to vacate the decree and grant a rehearing on March 30, 1936. As such it was the final and appealable order in the case, and defendant properly gave notice of appeal therefrom. As before remarked, defendant failed to perfect such appeal; in fact abandoned it by his motion of July 3, 1936, to strike his own appeal. This motion was denied by the court; however, the counter-motion of plaintiff to dismiss the appeal was sustained on July 23, 1936. When this was done there was no appeal pending.

It appears that the appeal was not taken in the regular course, due to a misconception by defendant of the law governing in such matters. If an appeal can be allowed in all instances where a party is mistaken as to his legal rights, with which he is charged with knowledge, then section 76 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 204; Jones Ill. Stats. Ann. 104.076, governing the right of appeal by leave of the reviewing court, upon a showing that the delay was not due to culpable negligence of appellant, is meaningless. Defendant's attorney had practiced within the State practically all of the time the Civil Practice Act has been in effect, and has had equal opportunity with other Illinois attorneys to become familiar with its provisions, including those relative to appeal.

Upon this record we do not think that defendant has shown that diligence in his own behalf necessary to comply with said section 76, and within the rule declared in *Roy v. City of Springfield*, 282 Ill. App. 238.

For which reason the leave to appeal is denied.

*Petition denied.*