RICHARD B. KOLLATH, Plaintiff-Appellant, *v.* CHICAGO TITLE AND TRUST Co., Trustee, *et al.*, Defendants-Appellees.

(No. 58796;

First District (3rd Division)—September 19, 1974.

*Rehearing denied December 24, 1974.*

Raymond I. Suekoff and Martin L. Silverman, both of Chicago, for appellant.

Albert E. Arnstein, of Chicago, for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Richard Kollath, the plaintiff in an action to foreclose a mechanic's lien for architectural services, appeals from a decree of the Circuit Court reinstating an order of October 4, 1971, which dismissed the cause for want of prosecution.

Kollath brought this action in November 1968, but in August 1969, it was dismissed for want of prosecution. An order vacating the dismissal was entered the following September and the cause was reinstated on the trial call.

The next time the case was called was on October 4, 1971. Kollath failed to appear and the case was again dismissed for want of prosecution. On November 3, 1971, exactly 30 days after the entry of the order of dismissal, Kollath's attorney, Spencer W. Schwartz, filed a notice of motion with the clerk of the court, which recited that on the following day he would move to vacate the dismissal and have the cause reset for trial. No written motion or petition was filed with the notice. A $10 filing fee was tendered with the notice, which certified on its face that a copy had been served on the defendants' counsel, Albert Arnstein, by a November 2 mailing addressed to 111 W. Washington St., Chicago.

On November 4, Schwartz appeared in court and made an oral motion for reinstatement; the court granted the motion and vacated the order of dismissal which had been entered 31 days previously.

In August 1972, Arnstein received notice that the plaintiff would move for a substitution of attorneys. The defendants entered a special appearance and petitioned the court to set aside the order of November 4, 1971, and to hold all proceedings incident to that order null and void. In support of the petition Arnstein filed an affidavit attesting that he had not received notice of the plaintiff's motion of November 4, 1971, nor of the order to reinstate which was entered on that date. He stated that he first learned of the order when he received notice of the motion to substitute attorneys. The new attorneys for the plaintiff filed an answer supported by the counter-affidavit of his former counsel which admitted that the notice purportedly served on the defendant's attorney had been incorrectly addressed. Arnstein's office was located at 77 W. Washington Street, not 111.

In December 1972 an order was entered denying the defendants' petition. However, on January 5, 1973, the court vacated its December order and also the order of November 4, 1971, finding the latter to be null and void. It was further decreed that the order of October 4, 1971, dismissing the cause for want of prosecution, should stand in full force and effect. It is from the order of January 5, 1973, that Kollath's appeal is taken.

Both parties agree that the sole issue for review is whether the court had jurisdiction to enter the order of November 4, 1971, reinstating the cause of action. This poses a question which, the parties tell us, has not been definitely decided in Illinois. Section 50(5) of the Civil Practice Act provides:

> "(5) The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1971, ch. 110, par. 50(5).

Kollath argues that since his notice was filed within 30 days, the court had jurisdiction to vacate its prior order of dismissal; that for jurisdictional purposes the November 3, 1971, notice that a motion was to be made the next day was the equivalent of a motion; that it is not essential that a motion filed within the 30-day limitation be heard within that period, and that the 30-day period of jurisdiction to entertain post-judgment motions exists whether opposing parties are notified or not. The defendants respond by attacking two premises in the progression of the plaintiff's logic. They contend that filing a notice of motion is not the equivalent of placing a motion before the court and should not be treated as such, that the failure to notify defense counsel regarding the proceeding on November 4, 1971, rendered that proceeding a nullity.

■■ It is clear that if a motion is timely filed it need not be heard within the 30-day limitation period. Supreme Court Rule 184 (Ill. Rev. Stat. 1971, ch. 110A, par. 184) states:

> "No provision in these rules or in the Civil Practice Act prescribing a period for filing a motion requires that the motion be heard within that period. Either party may call up the motion for disposition before or after the expiration of the filing period."

■■ Supreme Court Rule 184 only enters into effect if a motion is filed within the statutory time limit. Thus, Kollath's major hurdle has been to establish that the notice of motion filed with the clerk on the 30th day following the dismissal of his case was sufficiently equivalent to a motion to comply with the time limit set by section 50(5), so that the court retained jurisdiction over its previous order until its disposition of the motion on the 31st day.

To sustain their position that a notice of motion is not to be construed as synonymous with the filing of a motion, the defendants rely on the California case of *Herrlich v. McDonald* (1889), 80 Cal. 472, 22 P. 299, and the Illinois case of *Mehr v. Dunbar Builders Corp.* (1972), 7 Ill. App.3d 881, 289 N.E.2d 25. In *Herrlich* the court stated that notice of motion is not a motion, and should not be so treated. But *Herrlich* was

concerned only with the necessity of preserving some written record of a motion for purposes of appeal. (See *Watson v. Collins* (1962), 204 Cal.App.2d 27, 21 Cal.Rptr. 832.) In *Mehr* the plaintiff's action was also dismissed for want of prosecution. On the 29th day after dismissal, the plaintiff's attorney served notice on defense counsel that a motion to reinstate would be made in 4 days. On the appointed day, 33 days after the decree of dismissal, the court denied the motion, which was made without petition, affidavit or other supporting document. This court held that the motion would have to be construed as an attempt to use section 72 of the Civil Practice Act, because it was not presented until 3 days after expiration of the 30-day period which commenced on the date of dismissal. The difficulty with *Mehr*, as we seek to apply it to the facts of the instant case, is that it makes no mention whatever of a notice of motion being filed with the clerk of the court within the 30-day limit; therefore, *Mehr* can offer no guidance on the question before us. Its authority only reached as far as its facts, and they disclose only the bare presentation of an oral motion 33 days after judgment.

What the defendants really seek from this court is an unequivocal ruling that under no circumstances may an oral motion to vacate a final order be considered or passed upon by a court more than 30 days after its issuance. But the rules of practice themselves contemplate a less rigorous requirement, namely that a post-judgment motion need only be brought to the attention of the court in a reasonable manner before the 30-day limit has run. In the case of written motions, this requires submission of a copy of the motion to the court. But provision also exists for oral motions. Cook County Circuit Court Rule 2.1 provides, in part:

"The notice of hearing shall show the title and number of the action, the name of the judge before whom and the date when the motion will be presented. If the motion is made orally, the notice shall state the nature of the motion. If the motion is presented in writing, a copy of the motion or a statement that it previously has been served shall be served with the notice."

Of significance is the statement in the rule that if a motion is made orally, the notice shall state the nature of the motion. Kollath's notice did state the nature of his motion in compliance with the rule; thus, the court was apprised that a motion to reinstate a dismissed case would be argued on a future date. For the purposes of compliance with section 50(5), the motion was before the court on the 30th day after dismissal.

While *Mehr v. Dunbar Builders* does not conclude the issue, it is equally true that the plaintiff's principal case is not squarely on point. The plaintiff argues that it is the substance and effect of a motion, rather

than its form, which determines its character, and cites *Schwind v. Forester* (1937), 289 Ill.App. 172, 6 N.E.2d 898. In that case, the court declared a motion which was termed a motion for new trial to be, in fact, a motion to set aside the decree and award a new hearing in the cause. There was no question, as here, whether a motion had been timely filed. Rather, the reviewing court was presented with a situation where the label applied to a motion determined the kind of decree that followed from its denial, and hence fixed the time when the limitations period for post-judgment motions began to run. In order to do substantial justice, the appellate court avoided a rigorous application of labels and instead determined the motion's nature by looking to the relief requested. Notwithstanding the different issues posed, the principle governing *Schwind*—an emphasis in matters of procedure on substance rather than form—influences, if not controls, the result in this appeal. In so deciding, we carry out the dictates of the Civil Practice Act itself, which according to section 4,

> "* * * shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." Ill. Rev. Stat. 1971, ch. 110, par. 4.

The admonition of section 4 is especially apt in this case, where the substantive rights involved have never been adjudicated. A reversal means only that the plaintiff will have his day in court. The defendants lose only a technical dismissal, but are not prejudiced in their defense on the merits. While they allege detrimental reliance on the dismissal, in that they subsequently sold the property which was the subject of this action, the extent of the prejudice resulting from that sale would only be a factor to be considered on remand; it does not relate to the attack on the court's power with which we are here concerned. We hold that the notice of motion filed with the clerk of the court on the 30th day following the entry of the order of dismissal, was a sufficient filing under section 50(5) of the Civil Practice Act, to give the court jurisdiction of the motion, and that the court retained jurisdiction to act on the motion the following day.

■■ We also reject the defendants' second contention that the reinstatement order of November 4 was void because of the failure to provide notice to their counsel that a motion to vacate the dismissal would be presented that day. Reliance is placed solely on the provisions of Circuit Court Rule 2.1 and Supreme Court Rule 104(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 104(b)), both requiring notice of motion to parties previously not found to be in default. Reviewing courts have consistently held, however, that Rule 104(d) renders a failure to comply with Rule

358

104(b) or like rules in the circuit courts non-jurisdictional. *City of Chicago v. Exchange National Bank* (1971), 133 Ill.App.2d 370, 273 N.E. 2d 484; *Trojan v. Marquette National Bank* (1967), 88 Ill.App.2d 428, 232 N.E.2d 160. Supreme Court Rule 104(d) (Ill. Rev. Stat. 1971, ch. 110A, par. 104(d)) provides in part:

"Failure to deliver or serve copies as required by this rule does not in any way impair the jurisdiction of the court over the person of any party,  *  *  *."

The only cases decided since enactment of rule 104(d) which reached a contrary result, *Wilson v. Moore* (1973), 13 Ill.App.3d 632, 301 N.E. 2d 39; *Vlahakis v. Parker* (1971), 3 Ill.App.3d 126, 278 N.E.2d 523, did not consider that provision at all.

The decree of January 5, 1973, is reversed, insofar as it voided the order of November 4, 1971, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McNAMARA, P. J., and MEJDA, J., concur.